# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | | |
|---|---|---|
| **ANTHONY ASHLEY** | : | **DOCKET NO. 13-cv-733** |
| **D.O.C. # 546271** | | |
| | | |
| **VERSUS** | : | **JUDGE HICKS** |
| | | |
| **N. BURL CAIN** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a pro se application for a writ of habeas corpus pursuant to 28 U.S.C § 2254, filed by Anthony Ashley ("petitioner") [doc 1]. The petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at the Louisiana State Penitentiary at Angola, Louisiana. N. Burl Cain ("respondent"), former warden, has responded.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the application be **DENIED** and that the petition be **DISMISSED WITH PREJUDICE**.

## I.
### BACKGROUND

### A. *Conviction*

The petitioner was indicted on April 11, 2007, in the First Judicial District, Caddo Parish, Louisiana, on charges of aggravated rape, aggravated kidnapping, first degree robbery, and

aggravated flight from an officer. Tr. Rec., p. 6.[1] The charges related to an incident beginning on the night of March 12, 2007, during which the petitioner accosted the victim at an ATM in Shreveport, Louisiana, threatening her with a gun he claimed to be carrying. *State v. Ashley*, 22 So.3d 1045, 1050 (La. Ct. App. 2d Cir. 2009). He directed the victim back to her car and drove her away, binding her hands and feet and then forcing her to withdraw money from another ATM and to perform oral sex on him. *Id.* The victim eventually escaped the car and the petitioner was apprehended on the morning of March 16, 2007. *Id.*

Following trial the petitioner was convicted on October 17, 2008, of attempted forcible rape, aggravated kidnapping, first degree robbery, and aggravated flight from an officer. Tr. Rec., pp. 223–26. He was sentenced to twenty years' imprisonment for attempted forcible rape, forty years for first degree robbery, two years for aggravated flight from an officer, and life imprisonment for aggravated kidnapping, with the three former sentences to run consecutively with each other and concurrently with the life sentence. *Id.* at 4–5.

**B. Direct Appeal**

The petitioner appealed his conviction and sentence to the Louisiana Second Circuit Court of Appeal, raising several assignments of error *pro se* and through appointed counsel. Relevant to his claims here are the following:

1. Introduction of the crime lab report violated the petitioner's right to confront witnesses against him.

2. The state failed to prove that the petitioner's statements to police were freely and voluntarily made.

3. The petitioner was denied effective assistance of counsel at trial.

---

[1] The trial record was filed as a manual attachment while the appeal record was filed electronically at Doc. 27.

The Second Circuit reviewed these claims and determined them to be without merit. *Ashley*, 22 So.3d at 1059–62, 1064. Accordingly, it affirmed the petitioner's conviction and sentence. *Id.* at 1064. The petitioner then sought review at the Louisiana Supreme Court which was denied on April 23, 2010. *State v. Ashley*, 34 So.3d 271 (La. 2010). He did not seek review in the United States Supreme Court. Doc. 1, p. 2.

### C.  State Collateral Review

The petitioner states that he attempted to file an application for post-conviction relief on November 1, 2010,[2] but that the application was apparently never received by the trial court.  After three attempts to determine the status of that application, with the last dated June 23, 2011,[3] he filed another application for post-conviction relief on March 22, 2012,[4] raising the following claims:

1. Introduction of the crime lab report violated the petitioner's right to confront witnesses against him.

2. The trial judge erred in allowing the state to introduce other crimes evidence over the objection of defense counsel.

3. The state failed to prove the petitioner's statements to police were freely and voluntarily made and the trial court erred in allowing the statement to be introduced at trial.

4. The petitioner was denied effective assistance of counsel at trial.[5]

5. The petitioner's right to due process was violated when the trial court failed to charge the jury on circumstantial evidence.

---

[2] Doc. 8; *see* doc. 9, att. 1, p. 4 (statement of prison legal assistant, averring that he placed the application in the mail on the date stated).

[3] *See* Doc. 8, att. 1 (copies of letters and mailing requests). The petitioner alleges that the May 16, 2011, evacuation of prisoners from Angola due to flooding and subsequent suspension of activities by the Louisiana Supreme Court are responsible for the application's loss. However, it is unclear how these events would have impacted the trial court's ability to review a petition dispatched six months earlier.

[4] See Doc. 27, att. 5, p. 220 for date of filing.

[5] The petitioner raised two additional claims alleging ineffective assistance of counsel by the same attorney, briefed as claims 6 & 7, and alleges ineffective assistance within the other claims. Doc. 27, att. 5, pp. 220–21. For the sake of organization, we review all ineffective assistance claims together.

Doc. 27, att. 5, pp. 220–21. The trial court denied the petition, stating that all claims had been fully litigated on appeal and were therefore not cognizable on collateral review under LA. C. CR. P. art. 930.4. *Id.* at 221. The trial court also stated that the petitioner was not entitled to relief because he had not met his burden under LA. C. CR. P. art. 930.2. *Id.*

Petitioner then sought review with the Second Circuit which affirmed the trial court's ruling. Doc. 27, att. 5, p. 305. He sought review in the Louisiana Supreme Court which was denied on February 22, 2013. *Id.* at 336.

### D.  Federal Habeas Petition

The instant petition was filed on April 1, 2013.[6] Doc. 1, p. 6. As grounds for relief the petitioner asserts:

1. Introduction of the crime lab report violated the petitioner's right to confront witnesses against him.
2. The trial judge erred in allowing the state to introduce other crimes evidence over the objection of defense counsel.
3. The state failed to prove the petitioner's statements to police were freely and voluntarily made and the trial court erred in allowing the statement to be introduced at trial.
4. The petitioner was denied effective assistance of counsel at trial.
5. The petitioner's right to due process was violated when the trial court failed to charge the jury on circumstantial evidence.

Doc. 1, att. 2, pp. 13–31.

## II.
### LEGAL STANDARDS ON HABEAS REVIEW

### A.  Timeliness

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. §

---

[6] The respondent dates the application from the date it was received by this court: April 5, 2013. Doc. 27, att. 1, p. 10. A habeas petition by a pro se inmate is considered filed, for the purposes of judging its timeliness *infra*, when the inmate delivers the papers to prison authorities for submission. *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). The petitioner certifies that he delivered the petition to the prison mailing system on April 1, 2013. Doc. 1, p. 6. Therefore April 1 is the effective date of filing.

2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Mayle v. Felix*, 545 U.S. 644, 644 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B.  Procedural Default and Exhaustion of State Court Remedies

Before proceeding to the merits of the issues raised in the petition, this court considers the doctrines of procedural default and exhaustion of state court remedies. Exhaustion and procedural default are both affirmative defenses that may be waived by the state if not raised in its responsive pleadings. *See, e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d

348, 357–59 (5th Cir. 1998). Therefore we consider any claims by respondent under these doctrines, in addition to conducting our own review.

### 1.  Exhaustion of State Court Remedies

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### 2.  Procedural Default

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme

Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[7] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

### C. General Principles

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 456, 471 (5th Cir. 1998). Section 2254(d) provides that a writ of habeas corpus shall not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based

---

[7] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*, 537 U.S. 3, 9 (2002) (per curiam). Furthermore, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedents and arrives at a [contrary] result . . . ." *Bell v. Cone*, 543 U.S. 447, 452-53 (2005), quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000) (internal quotations omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination but rather he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner has to show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 546 U.S. 333, 341 (2006).

# III.
## LEGAL ANALYSIS

As a preliminary matter this court reviews the petitioner's application for timeliness, failure to exhaust state court remedies, and procedural default. If the claim is procedurally viable, its merits are considered under the general standards set forth in Section II.C.

### A. *Timeliness*

Here the petitioner's conviction became final ninety days after the judgment of the Louisiana Supreme Court on April 23, 2010, when his time for seeking review by the United States Supreme Court expired. *See* Sup. Ct. R. 13. Therefore the one year limit for filing this petition began to run on July 22, 2010. His first attempt at filing for post-conviction relief had no effect, as only properly filed applications can toll the federal time limit. However, it was tolled by the filing of his application for post-conviction relief on March 22, 2012, after **609 days** had run. It remained tolled while that application was under review, until the ruling of the Louisiana Supreme Court on February 22, 2013. The clock then ran until the filing of the instant petition on April 1, 2013, allowing an additional **38 days** to accumulate. Therefore, with a total of **647 days** counted against the one year limit, the instant petition is untimely by federal standards.

The Supreme Court holds that a state habeas petitioner is entitled to equitable tolling of § 2244(d)'s limit upon a showing that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations omitted). Here the petitioner has provided competent proof that he attempted to submit an application for post-conviction relief on November 1, 2010, and that he followed up multiple times with the trial court about the status of that application. Nine months after his final inquiry he submitted another application. Accordingly, this court will regard whatever happened to the petitioner's first application after it left his control

on November 1, 2010, as an extraordinary circumstance that prevented timely filing. As it appears that the petitioner was otherwise diligent in pursuing his rights, attempting multiple times to follow up on the status of his filing and then at last filing again, this court will consider his time limit tolled from November 1, 2010, until the successful filing of his application for post-conviction relief on March 22, 2012. Accordingly, only **102 days** accrued between the finalization of the petitioner's conviction and the post-conviction relief tolling. With the addition of the **38 days** that accrued between the Louisiana Supreme Court's ruling on that application and the filing of the instant petition, this petition is timely.

### B. Exhaustion of State Court Remedies and Procedural Default

The respondent asserts that several of the claims raised here are subject to exhaustion and/or procedural default.

### 1. Claim 2: The trial judge erred in allowing the state to introduce other crimes evidence over the objection of defense counsel.

The respondent alleges that this claim is unexhausted and thus subject to technical procedural default because the petitioner failed to make the federal nature of his claim known to the state courts. In order to satisfy the exhaustion requirement, the petitioner must identify the federal nature of his claim to the state court. This requirement is not met by general appeals to broad constitutional principles, such as due process and equal protection. *Gray v. Netherland*, 116 S.Ct. 2074, 2081 (1996).

In his application for post-conviction relief, the petitioner's only reference to federal law comes through the specification of his claim. There he states that the trial court's ruling was "a Violation of Petitioner's Fourteenth Amendment of the United States Constitution [*sic*] as Well as Article 1 Section 2 of the Louisiana Constitution of 1974." Doc. 27, att. 5, p. 188. This glancing

reference is inadequate to give the state courts notice of the petitioner's full federal claim. Accordingly, Claim 2 is unexhausted and thus subject to technical procedural default.

2.  **Claim 3: The state failed to prove the petitioner's statements to police were freely and voluntarily made and the trial court erred in allowing the statement to be introduced at trial.**

The respondent contends that this claim is subject to traditional procedural default, as the state courts dismissed the claim on procedural grounds. The petitioner raised a version of this claim in his direct appeal but did not assert a federal basis. *See* Doc. 27, att. 4, pp. 270–73. He then renewed the claim on his state application for post-conviction relief, alleging a constitutional violation from the same facts. Doc. 27, att. 5, pp. 190–91. The Second Circuit was the last court to review this claim. It affirmed the trial court's ruling, stating that "[t]he claims set forth . . . were either fully litigated on his appeal and/or were unproven." *Id.* at 305 citing LA. C. CR. P. arts. 930.4 & 930.2.

Where a state court decision is made alternatively, citing both procedural and merit-based grounds, it cannot serve as a basis for procedural default. *Miranda v. Bennett*, 322 F.3d 171, 178 (2d Cir. 2003). Article 930.4 bars repetitive applications for post-conviction relief, including those with claims fully litigated on appeal. It is plainly a procedural bar and should be upheld. Article 930.2 states that "[t]he petitioner in an application for post conviction relief shall have the burden of proving that relief should be granted." This provision has been cited to show a petitioner's failure to carry this burden both on the merits and on procedural grounds. *See Woodfox v. Cain*, 609 F.3d 774, 796 (5th Cir. 2010). However, in light of the Second Circuit's comment that the claims were "unproven," it is clear that the citation to Article 930.2 was a decision on the merits. Accordingly, the Louisiana Second Circuit's decision does not demonstrate an independent and adequate procedural bar to review.

The respondent also contends that the claim is unexhausted. The petitioner did not assert a federal basis for this claim when he raised it in his direct appeal. *See* Doc. 27, att. 4, pp. 270–73. When he raised it again in his application for post-conviction relief, he provided the legal basis for a federal claim. Doc. 27, att. 5, pp. 190–91 (citing *Sims v. Georgia*, 87 S.Ct. 639, 643 (1967) which states that, although the judge need not make formal findings of fact or write an opinion on the voluntariness of the confession, "his conclusion . . . must appear from the record with unmistakable clarity.")[8]

The respondent contends that reliance on *Sims* is misplaced as it relates to the trial court's failure to make the determination before letting the jury hear the confession rather than to the state's actions. We agree. Nowhere in this claim does the petitioner allege that the trial court failed to make a determination; he simply disagrees with the result and alleges that the state failed to carry its burden. Accordingly, the argument is insufficient to present the federal basis of the claim to the state courts and the claim is now subject to technical procedural default.

### 3. Claims 4 & 5: The petitioner was denied effective assistance of counsel at trial/The trial court failed to charge the jury regarding circumstantial evidence.

Here the respondent renews his argument of procedural default based on the Second Circuit's ruling on the application for post-conviction relief. As determined *supra*, this ruling does not provide an independent and adequate procedural bar. Because these claims were fully exhausted in the state courts, no procedural default will apply.

### 4. Grounds for Excusing Procedural Default

A procedural default may be avoided if the petitioner can show cause and resulting prejudice for his default or demonstrate that the federal court's failure to review the defaulted claim

---

[8] The petitioner also cited a Fifth Circuit case, *United States v. Gonzales*, 548 F.2d 1177 (5th Cir. 1977). *See* Doc. 1, att. 2, p. 19  We cannot locate that case at the citation provided; however, it is cited for the same inapposite statement as *Sims* and would not advance petitioner's claim.

will result in a "fundamental miscarriage of justice." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). To establish cause, the petitioner must show that some external, objective factor impeded his efforts to raise the claim in a procedurally proper manner. A finding of fundamental miscarriage of justice, on the other hand, depends on a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 106 S.Ct. 2616, 2627 (1986). The factual innocence standard means that the petitioner must show a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F.Supp. 1180, 1195 (W.D. Tex. 1997).

Here the petitioner only asserts that he received ineffective assistance from his appellate counsel. However, our finding of failure to exhaust in Claims 2 and 3 rests upon the petitioner's failure to articulate the federal nature of his claims on post-conviction relief where he had no constitutional right to counsel. *See Ogan v. Cockrell*, 297 F.3d 349, 357 (5th Cir. 2002). Accordingly, this assertion cannot serve as "cause" for excusing his own errors on post-conviction relief. *Id.* The procedural defaults imposed above will stand and this court will only review the following claims:

1. Introduction of the crime lab report violated the petitioner's right to confront witnesses against him.

2. The petitioner was denied effective assistance of counsel at trial (omitting the ineffective assistance allegations raised within defaulted claims).

3. The petitioner's right to due process was violated when the trial court failed to charge the jury on circumstantial evidence.

### C. Substantive Analysis

Having determined that only the first claim is timely, exhausted, and not subject to procedural default, we now consider each one under the standards of review described above.

**1.   Introduction of the crime lab report violated the petitioner's right to confront witnesses against him.**

The Confrontation Clause of the Sixth Amendment grants criminal defendants the right to confront witnesses against them. U.S. CONST. amend. VI. The Supreme Court has held that certificates of analysis are testimonial in nature. *Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527 (2009). Accordingly, the Sixth Amendment is violated if the state offers such evidence at trial without also producing an expert witness for cross-examination. *Id.*; *see also Bullcoming v. New Mexico*, 131 S.Ct. 2705, 2710 (2011) (the expert must be the analyst who signed the certificate). However, Confrontation Clause violations are subject to harmless error analysis. *United States v. Bell*, 367 F.3d 452, 465 (5th Cir. 2004). If the reviewing court determines beyond a reasonable doubt that the error was harmless, then the petitioner is not entitled to relief. *Delaware v. Van Arnsdall*, 106 S.Ct. 1431, 1438 (5th Cir. 1986).

The crime lab report identified the defendant's DNA on a cigarette butt recovered from the victim's vehicle. Trial Rec., pp. 184, 327–28, 341–42. However, the petitioner's strategy at trial was to allege that the events of March 12 took place with the victim's consent. He testified at trial that the victim had willingly let him drive her car, given him her ATM card to withdraw money, gone with him to purchase drugs, and insisted on trying to perform oral sex on him. *Id.* at 376–83. Accordingly, admission of the crime lab report did nothing to undermine the defense's theory of the case. The error is therefore harmless and the petitioner is not entitled to relief.

**2.   The petitioner was denied effective assistance of counsel at trial.**

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). Under *Strickland*, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth

Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict.  *Id.* at 2064. This standard does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* Judges have been cautioned towards deference in their review of attorney performance under *Strickland* claims in order to "eliminate the potential distorting effect of hindsight." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (quoting *Strickland*, 104 S.Ct. at 1065). The resulting prejudice must also be so great that it creates a substantial likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011). A petitioner must meet both of *Strickland*'s prongs in order to show a basis for federal habeas relief. *Id.*

The petitioner alleges the following instances of ineffective assistance within his viable claims: that trial counsel (a) failed to object to the admission of the crime lab report without cross-examination of the analyst; (b) engaged in various conflicts over representation with the petitioner; (c) failed to object to the trial court's lack of instruction to the jury on circumstantial evidence; (d) failed to secure the attendance of a defense witness by subpoena; and (e) failed to object to introduction of petitioner's statements. We review each one, as well of the totality of these alleged deficiencies, under the standards outlined above.

### a.   Failure to object to admission of the crime lab report

As determined *supra*, admission of the crime lab report was harmless error. Thus it cannot satisfy the second prong of *Strickland*, regardless of whether it constituted deficient performance.

### b.   Engaging in conflicts over representation with the petitioner

The petitioner first alleges that his trial counsel suffered an actual conflict of interest in representing him, but does not specify what this conflict was. He also alleges that trial counsel refused to file pre-trial motions requested by the petitioner or to interview witnesses who might

have corroborated the petitioner's story. However, he never elaborates on what these pre-trial motions were and only specifies one witness, handled *infra* under claim (d). Finally, he alleges that trial counsel failed to respond to petitioner's letters concerning the status of his case. However, he does not provide the information requested or the length of delay in receiving it. His conclusory allegations do not provide sufficient detail for this court to determine whether there was any deficient performance, let alone resulting prejudice.

### c.   Failure to object to trial court's lack of instruction on circumstantial evidence

The trial court's instructions on circumstantial evidence are handled *infra* under Claim 3, where we find no error. Accordingly, trial counsel's failure to object does not constitute deficient performance.

### d.   Failure to secure attendance of a defense witness

The petitioner alleges that trial counsel was ineffective because he failed to interview or secure the attendance of Fredrick Williams who witnessed excessive force used by a canine unit officer when the petitioner was apprehended. However, the petitioner fails to establish how police conduct at his apprehension would relate to the ultimate issue of his guilt or innocence. The assertion that he was a victim of excessive force at his arrest provides no support for his theory of the case, that he took a consensual car ride and engaged in consensual sex with the victim a few days earlier instead of committing the crimes of which he was convicted. The petitioner also makes no showing of Fredrick Williams' availability to testify. Accordingly, we cannot find that the failure to investigate Fredrick Williams' testimony was deficient performance.

### e.   Failure to object to introduction of petitioner's statements

Here it appears that the petitioner is challenging trial counsel's failure to object to introduction of statements made by the petitioner and referencing crimes other than the ones for

which he was standing trial. However, the record reveals that trial counsel did object to use of these statements and was overruled. Trial Rec., pp. 262–63.  Trial counsel does not appear to have lodged a formal objection to the ruling but the court did state after ruling that it would "note the defense's objection to the Court's ruling for the record." *Id.* at 256.

Trial counsel was not required to formally object to this ruling so long as he made his desired course of action known.[9]  Here the court's statement reflects that he did so and the Second Circuit reviewed the assignment of error related to this ruling without noting any violation of LA. C. CR. P. art. 841. *See Ashley*, 22 So.3d at 1059–63. Accordingly, the lack of a formal objection was neither deficient performance nor in any way prejudicial.

### f.   Totality of alleged deficiencies

The petitioner was not prejudiced by any of the allegations raised above. Accordingly, we cannot find that the aggregate effect of these alleged errors entitles him to relief under *Strickland*.

### 3.   The petitioner's right to due process was violated when the trial court failed to charge the jury on circumstantial evidence.

Improper jury instructions only invite federal habeas relief when the error "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 94 S.Ct. 396, 400 (1973). Here the petitioner challenges the instruction relating to circumstantial evidence:

> Evidence is either direct or circumstantial. Direct evidence is evidence which, if believed, proves a fact. Circumstantial or indirect evidence is evidence which, if believed, proves a fact and from that fact you may logically and reasonably conclude that another fact exists.
>
> You cannot find a defendant guilty solely on circumstantial evidence unless the facts proven by the evidence exclude every reasonable hypothesis of innocence.

---

[9] "It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, **or** of his objections to the action of the court, and the grounds therefor." LA. C. CR. P. art. 841(A) (emphasis added); *see, e.g.*, *State v. Charles*, 326 So.2d 335, 336 (La. 1976) (same).

Trial Rec., p. 211. This is the same language that the petitioner now alleges that the trial court should have used. Doc. 1, att. 2, p. 23. He otherwise fails to establish how the above charge prejudiced his case. Accordingly, this claim offers no basis for federal habeas relief.

## IV.
### CONCLUSION

For the reasons stated above, the undersigned concludes that the petitioner is not entitled to federal habeas relief.

Accordingly, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth

arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 5th day of May, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE